BRIGHT, Circuit Judge,
concurring.
In this case a catastrophe occurred. Jennifer Stebleton and Michael Slusarchuk drove into the path of a high-speed chase. Stebleton died at the scene. Slusarchuk sustained serious injuries, leaving him a paraplegic. Rico Howard, who fled police officers, stands convicted of second degree murder. This chain of events started when two Minneapolis Police Officers, Jon Hoff and Lance Faust, incorrectly believed a probable cause pick-up existed for Rico *1184 Howard. At the time officers recognized Howard, he had not committed any crime.
Slusarchuk and Stebleton’s heirs sought compensation for alleged violations of their constitutional rights against the police officers. The district court determined that “[a] reasonable jury could conclude that the officers’ initial decision to stop a law-abiding Rico Howard amounts to the type of conduct to which the Supreme Court referred when recognizing that a § 1983 action is redressible in situations where an officer intends to worsen a suspect’s legal plight.” (Add. at 19-20).
Precedent does not support the decision of the district judge. Because in this case under this court’s decision, the officers need not explain or account for their actions to Slusarchuk and Stebleton’s heirs in federal court. Thus, I add my additional comments to the opinion of the court.
While I join in the opinion, I emphasize Chief Judge Loken’s statement in Helseth v. Burch, 258 F.3d 867 (8th Cir.2001), that cases of this kind may call for a legislative remedy. Helseth addressed another high-speed police pursuit case, resulting in the death of an innocent bystander. Chief Judge Loken wrote: “Society could reasonably decide that an innocent bystander injured during such high-speed police pursuits should be compensated from the public coffers. But that is a legislative decision.” Id. at 872 (noting that under Minnesota law a police officer has official immunity from claims for injuries resulting from engaging in and continuing a high-speed pursuit, citing Pletan v. Gaines, 494 N.W.2d 38, 41 (Minn.1992)).
High-speed pursuits by police, while sometimes justified by the circumstances, may in many other cases be an unwise police maneuver posing high risk of injury or death to the public as well as participants in the chase. I believe that in cases of improper police conduct in highway motor vehicle chases, state law, not federal law, should provide for an appropriate remedy to innocent victims, such as the victims in this case.
With the above comments, I join in the opinion of this court.